Case No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| IN RE: Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Par Pharmaceuticals Companies, Inc.; Teva Pharmaceuticals, USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc., *Petitioner-Defendants.* | Petition for a Writ of Mandamus Directed to the United States District Court for the Northern District of Ohio, Case No. 1:17-md-2804 |

# PETITIONERS' EMERGENCY MOTION
# FOR EXPEDITED CONSIDERATION AND
# TO STAY THE DISTRICT COURT'S ORDER UNDER REVIEW

Pursuant to Sixth Circuit Rule 27(f) and Rule 8 of the Federal Rules of Appellate Procedure, Petitioners hereby move for expedited consideration of their Petition for Writ of Mandamus (the "Petition"), filed today, and an order staying the purported "trial preservation" deposition ordered by the MDL court pending resolution of the petition.  The Petition seeks mandamus relief directing the MDL court, in accordance with the Federal Rules of Civil Procedure, to prevent a plainly unlawful *de bene esse* expert witness deposition—in essence, premature *trial testimony* by a key marketing causation expert in an enormous MDL seeking billions of dollars—set to begin in barely 24 hours, on January 13, 2021.

1.  Under Sixth Circuit Rule 27(f), a party may move to expedite this Court's consideration of a matter for good cause.  And under Federal Rule of Appellate Procedure 8, a party may seek a stay in this Court once it has sought a stay in the district court, which Petitioners have done and the district court denied.  *See* Doc. 3603 ("Defendant Endo Pharmaceuticals, Inc.'s request for stay of this order pending a petition for writ of mandamus is denied.").  In appropriate circumstances, this Court will stay district court proceedings, including discovery orders, pending consideration of a mandamus petition.  *See, e.g.*, *In re Nat'l Prescription Opiate Litig.* ("*MDL Mandamus I*"), 956 F.3d 838, 842 (6th Cir. 2020) (noting stay of discovery order in this very MDL during pendency of mandamus petition); *John B. v. Goetz*, 531 F.3d 448, 456 (6th Cir. 2008) (noting

stay of discovery orders); *In re Lott*, 139 F. App'x 658, 659-60, 662-63 (6th Cir. 2005) (finding issuance of a stay of discovery appropriate pending resolution of mandamus petition).

2. Good cause exists to expedite consideration of the petition and to grant an emergency stay here. As detailed in the Petition, without this Court's immediate intervention the premature expert trial testimony that the district court has permitted will go forward on January 13, 2021, irreparably harming Defendants and potentially mooting the Petition. In contrast, a stay will simply preserve the status quo and permit this Court to act on the Petition with due deliberation, while maintaining the possibility of meaningful relief for Petitioners.

3. In determining whether to grant a stay, this Court considers "(1) the likelihood that the party seeking the stay will prevail on the merits, (2) the likelihood that the moving party will be irreparably harmed absent a stay, (3) the prospect that others will be harmed if the court grants the stay, and (4) the public interest in granting the stay." *In re Lott*, 139 F. App'x at 660.

4. Petitioners are likely to prevail on the merits of their petition. As the Petition shows, the district court's order is a clear abuse of discretion and judicial usurpation of power warranting immediate mandamus relief. Requiring defendants to conduct a cold cross-examination of a key expert witness, for use at unspecified future trials, on one week's notice, before the expert has been designated or

provided an expert report in any potentially relevant case in the MDL, without even knowing what case(s) the deposition is for, without having any jurisdiction-specific discovery for that case, and where the only purported justification for such an extraordinary deviation from the Rules is an unsupported claim that the witness will be unavailable at trial, is a clear abuse of discretion.

5. Petitioners also face irreparable harm absent a stay. Failing to grant the stay will force the defendants to undertake the cross-examination of a key plaintiff expert witness under circumstances of extreme duress and prejudice, without the benefit of any discovery in a particular case (to be used to cross-examine the witness) or even a report setting forth his opinions. This prejudice is further exacerbated by the mere possibility that this deposition testimony could be used in a future trial of any of 3,000 cases in the MDL. Such a prejudicial and costly examination should not go forward under the shadow of substantial doubts about whether the MDL court serially exceeded its authority in permitting this premature trial deposition, especially when its consequences almost certainly could not be undone by a subsequent ruling of this Court.

6. Granting a stay of the deposition is in the public interest. The Federal Rules of Civil Procedure express the federal courts' strong preference for live witness testimony and any deviation from the rules must be justified by exceptional circumstances and established by proof, not conjecture. A district

court's persistent disregard of the Federal Rules impugns the perceived fairness of the proceedings. And it is in the public interest that parties have a meaningful opportunity to cross-examine opposing party witnesses to advance the search for truth. Forcing litigants in a federal civil case to cross-examine an important expert witness with insufficient time to prepare and without the aid of the disclosures required by the Federal Rule of Civil Procedure 26 runs firmly against the public interest.

7. Notably, this is not the first time the MDL court has exceeded its authority and disregarded the Federal Rules of Civil Procedure. A mandamus petition (and accompanying motion to stay) was filed last year in this MDL in connection with a discovery-related issue. This Court granted the motion to stay the relevant discovery order, and, subsequently, granted the mandamus petition. *MDL Mandamus I*, 956 F.3d 838. In reaching its decision, this Court explained "that, in three instances, the district court has either disregarded or acted in flat contradiction to" the Federal Rules of Civil Procedure. *Id.* at 841. So, too, here. A stay should be granted while the Court considers the Petition.

8. For these reasons, and the reasons set forth in the Petition for a Writ of Mandamus, Petitioners respectfully request expedited consideration of the petition and an emergency stay of the district court's order pending resolution of the

Petition. Petitioners stand ready to reply to any responsive papers ordered by the Court on short notice.

## CONCLUSION

For the foregoing reasons, this Court should issue an order staying the expert deposition currently scheduled for January 13 and expedite consideration of the Petition for a Writ of Mandamus.

Dated: January 12 2021  Respectfully submitted,

/s/ *R. Stanton Jones*
Jonathan L. Stern
R. Stanton Jones (lead counsel)
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 942-5000
jonathan.stern@arnoldporter.com
stanton.jones@arnoldporter.com

Andrew K. Solow
ARNOLD & PORTER
  KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
andrew.solow@arnoldporter.com

*Attorneys for Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; and Par Pharmaceuticals Companies, Inc.*

/s/ *Rebecca J. Hillyer* (consent)
Eric W. Sitarchuk
Rebecca J. Hillyer
Harvey Bartle IV
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5603
eric.sitarchuk@morganlewis.com
rebecca.hillyer@morganlewis.com
harvey.bartle@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
Tel: (305) 415-3416
brian.ercole@morganlewis.com

*Attorneys for Teva Pharmaceuticals, USA, Inc.; Cephalon, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc.*

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,021 words, excluding items excluded from length under Fed. R. App. P. 32(f), as counted using the word-count function on Microsoft Word 2016 software.

This petition complies with the requirements of Fed. R. App. P. 32(a) because it has been prepared using Microsoft Word 2016 in Times New Roman, 14-point font.

<em>/s/ R. Stanton Jones</em><br>
R. Stanton Jones

# CERTIFICATE OF SERVICE

I certify that on January 12, 2020, I filed the foregoing with the Clerk of the Court using the ECF System which will send notification of such filing to the registered participants identified on the Notice of Electronic Filing.

*/s/ R. Stanton Jones*
R. Stanton Jones